UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 10-19S |
| | : | |
| JAMES LOMBARDI | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant James Lombardi is in violation of the terms of his supervised release and, if so, for recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on May 5 and June 6, 2016. At the May 5 hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release, and I ordered him detained. The matter was continued to June 6, when the parties made their sentencing recommendations; at the termination of the June 6 hearing, Defendant was released with the bail condition (among others) that he immediately enter a sober house and remain for two months as instructed by his Probation officer.

In reliance on Defendant's admissions and the joint recommendation of the government and Defendant, I recommend that the Court impose a sentence of time served through June 6, 2016, to be followed by a new term of supervised release of eighteen months. I further

recommend that, while on supervised release, Defendant be required to comply with the

following conditions:

> **Defendant shall participate in substance abuse testing (up to 72 drug tests per year) as directed by the U.S. Probation Office.**

> **Defendant shall participate in a ninety-day inpatient substance abuse treatment program as directed by the U.S. Probation Office.**

> **Defendant shall participate in outpatient substance abuse treatment as directed by the U.S. Probation Office.**

> **Defendant shall participate in mental health treatment as directed by the Probation Office.**

> **Defendant shall participate in a manualized behavioral program as directed by the Probation Office.  Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.**

> **Defendant shall contribute to the cost of treatment based on ability to pay as determined by the Probation Officer.**

## I.      BACKGROUND

On April 20, 2016, the Probation Office petitioned the Court for the issuance of a warrant

as a result of which Defendant appeared before the Court on May 5, 2016.  At that hearing,

Defendant admitted to the following violations:

> **Violation No. 1: The defendant shall refrain from any unlawful use of a controlled substance.**

> On March 26 and 31, 2016, Defendant submitted urine tests which tested positive for cocaine.  On January 20; February 10, 18, 22, and 26; and March 15, 2016, Defendant submitted urine specimens which tested positive for cocaine and marijuana.

> **Violation No. 2: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

> On April 13, 2016, the Probation Officer attempted to conduct a home visit at Defendant's last reported address and was advised by the homeowner that Defendant had not slept at the residence in at least a week and a half.

**Violation No. 3: The defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.**

Defendant failed to attend substance abuse treatment on February 8, 15, 18, and 24; March 1, 2, and 30; and April 7, 12, 13, and 14, 2016.

**Violation No. 4: The defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.**

Defendant failed to report to the Probation Office to submit urine specimens on August 12, 2015, February 17, 2016, March 7, 2016, and March 25, 2016.  In addition, on February 18, 2016, Defendant brought a urine deception device to the Probation Office in an attempt to manipulate the test.

Based on Defendant's admission to these violations, I find that he is in violation of the terms and conditions of his supervised release.

## II.     APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  In this case, Defendant was on supervision for a

Class C felony; therefore, he may not be required to serve more than two years imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  In this case, the maximum term of supervised release was previously imposed; therefore, the term cannot be extended.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  In this case, the authorized statutory maximum term of supervised release is three years.  There has not been any term of imprisonment previously imposed for violations of supervised release; therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is

a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.  Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision.  In this case, Defendant has committed a Grade C violation; therefore, the Court may revoke, extend or modify the conditions of supervision.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment.  The second provision, which allows for alternatives for one half of the minimum term, applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of V at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed a Grade C violation and has a Criminal History Category of V.  Therefore, the applicable range of imprisonment for this violation is seven to thirteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### III.    ANALYSIS

Defendant is a thirty-one year old man who has suffered from depression since childhood; his mental health history includes several suicide attempts.  On November 29, 2010, he pled guilty to being a felon in possession of a firearm and was sentenced to seventy months of imprisonment, to be followed by three years of supervised release with special conditions.  He commenced supervision on March 24, 2015.

6

The pattern of Grade C violations that are the subject of the pending Petition commenced immediately.  All of them arise from Defendant's severe addiction and resulting substance abuse.  Specifically, immediately upon release from the Coolidge House on March 24, 2015, he began illicit use of suboxone and cocaine; within a month, he had overdosed on heroin and was revived by paramedics with Narcan.  In response, Probation placed him in residential treatment, as a result of which he succeeded in staying sober, maintaining a job and residing in a sober house for a short time.  By October 2015, it was clear that Defendant was struggling and he was placed in a suboxone program.  By early 2016, Defendant had relapsed; he was placed first in intensive outpatient treatment, then in a residential program and back in outpatient treatment when he left the residential program against staff advice.  Violations in 2016 include testing positive for cocaine and marijuana, stopping treatment, failing to appear for three of his required urine tests and (once) bringing a urine deception device to the Probation Office.  Despite Probation's extraordinary efforts, Defendant did not remain in contact with his officer; at the end of March, he disappeared.

Based on this conduct, the parties jointly propose that Defendant receive a sentence of time served through June 6, 2016, (a total of thirty-three days) to be followed by a new term of supervised release of eighteen months.  As part of the parties' agreement, after the June 6 hearing, Defendant entered a sober house with the bail requirement that he remain there for two months.  On allocution, Defendant thanked his Probation officer, acknowledging that her extraordinary effort on his behalf probably goes unrecognized because she does much more than the Court is aware of; he noted that he should work as hard for himself as she does.  In an engaging show of humor, he also teased his attorney during allocution, stating, "Olin, you could have shaved."  Immediately after the hearing ended, Defendant entered the sober environment of

the residence chosen by Probation.  As of this writing, it is the Court's fervent hope that this young man has already begun to work hard to achieve recovery and recommitment to a sober life.

I agree with the thoughtful joint proposal of the parties; it sufficiently punishes Defendant's breach of trust, while properly emphasizing his need for help with his serious addictive disease.  Accordingly, I recommend that the Court impose a sentence of time served as of June 6, 2016, to be followed by a new term of supervised release of eighteen months with the special conditions listed below.

## IV.   CONCLUSION

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that the Court impose a sentence of time served as of June 6, 2016, to be followed by a new term of supervised release of eighteen months.  I further recommend that, while on supervised release, Defendant be required to comply with the following conditions:

> Defendant shall participate in substance abuse testing (up to 72 drug tests per year) as directed by the U.S. Probation Office.
>
> Defendant shall participate in a ninety-day inpatient substance abuse treatment program as directed by the U.S. Probation Office.
>
> Defendant shall participate in outpatient substance abuse treatment as directed by the U.S. Probation Office.
>
> Defendant shall participate in mental health treatment as directed by the Probation Office.
>
> Defendant shall participate in a manualized behavioral program as directed by the Probation Office.  Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.
>
> Defendant shall contribute to the cost of treatment based on ability to pay as determined by the Probation Officer.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  <u>See</u> Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  <u>See</u> <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 13, 2016